```
00001
 1      IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF NORTH CAROLINA
 2             CHARLOTTE DIVISION
           CASE NO.: 3:10-CV-125
 3

 4 TAMMY LOU FONTENOT, as        )
   Administratrix of the Estate of )
 5 DARRYL WAYNE TURNER,          )
   deceased,                     )
 6                               )
          Plaintiff,             )
 7                               )
   vs.                           )
 8                               )
   TASER INTERNATIONAL, INC.,    )
 9                               )
          Defendant.             )
10 _____)

11
                  Thursday, January 6, 2011
12                Charlotte, North Carolina

13

14       Deposition of JOHN E. COMBS, a

15 witness herein, called for examination by counsel

16 for Plaintiff in the above-entitled matter,

17 pursuant to notice, before Laura K. Tiderman,

18 Registered Professional Reporter and Notary Public

19 in and for the State of North Carolina, taken

20 at Womble, Carlyle, Sandridge & Rice, PLLC,

21 301 S. College Street, Charlotte, North Carolina,

22 commencing at the hour of 1:03 p.m.

23

24       Reported in Stenotype by
   Laura K. Tiderman, Court Reporter, Notary Public
25 Transcript Produced by Computer-Aided Transcription
```

EXHIBIT 19

```
00002
  1 APPEARANCES:
  2
  3   On behalf of the Plaintiff:
  4      JOHN BURTON, ESQUIRE
         The Law Offices of John Burton
  5      Suite 300
         65 North Raymond Avenue
  6      Pasadena, California  91103
  7
     On behalf of the Defendant:
  8
         SCOTT D. MacLATCHIE, ESQUIRE
  9      Womble, Carlyle, Sandridge & Rice, PLLC
         Suite 3500
 10       301 South College Street
         Charlotte, North Carolina  28202
 11
         JOHN R. MALEY, ESQUIRE
 12       Barnes & Thornburg, LLP
         11 South Meridian Street
 13       Indianapolis, Indiana  46204
         Via Telephone
 14
 15
 16
 17
 18            * * *
 19
 20
 21
 22
 23
 24
 25
```

00003
1              C O N T E N T S
2
3 Examination by Mr. Burton:           4
4
5
6
7              E X H I B I T S
8
9
10
11       (No exhibits were identified.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

00004

1      PROCEEDINGS

2 Whereupon,

3         JOHN E. COMBS,

4 was called as a witness and, having first been duly

5 sworn, was examined and testified as follows:

6         EXAMINATION

7    BY MR. BURTON:

8    Q.  Can you state your complete name for the

9 record, please, sir.

10   A.  John Eric Combs.

11   Q.  Mr. Combs, I understand that you've

12 been designated as an expert witness by

13 Taser International in this case?

14   A.  Yes, sir.

15   Q.  And I understand that you've been an

16 expert witness on a number of other occasions?

17   A.  Yes, sir.  Correct.

18   Q.  How many depositions do you reckon you've

19 given?  Let's say as an expert.

20   A.  A rough estimate, I think I've had 25 or

21 26 total cases and maybe half of those, half to

22 maybe two-thirds, I've actually given deposition

23 testimony.

24   Q.  So 10 to 15?  Somewhere in there?

25   A.  I would estimate, yes, sir.

00084

1    THE WITNESS: Again, I don't know that I
2 could -- that I could opine on that one way or the
3 other because that's -- that's something I think
4 that Officer Dawson would have to testify to, as to
5 whether he felt like he could have or could not
6 have based on what he was seeing.
7    BY MR. BURTON:
8    Q. Well, isn't it your understanding that
9 Officer Dawson kept his finger on the trigger until
10 Mr. Turner collapsed?
11   A. Well, not knowing exactly when Mr. Turner
12 collapsed, I'm not sure about that. But from what
13 I saw in the Taser report it was a 37-second -- I
14 believe 37-second cycle. 37 or 38 seconds.
15   Q. Right. And from a tactical point of view
16 as a police instructor, are you comfortable saying
17 one way or another as to whether or not
18 Officer Dawson should have released the trigger
19 before that collapse?
20   A. I'm comfortable in saying that the fact
21 that he did not, in my opinion, does not in and of
22 itself make his force unreasonable. What I am
23 saying is that it does appear to violate Taser's
24 recommendation and his training at CMPD.
25   Q. But in your mind it's not unreasonable

Combs, John 2011 01/06                                    Page 84

Case 3:10-cv-00125-RJC-DCK   Document 44-12   Filed 02/25/11   Page 5 of 5